**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

CHARLES ADAM FIECHTNER, SR.,    CV 11-23-M-DWM-JCL

   Plaintiff,

  vs.    FINDINGS AND
        RECOMMENDATION

MISSOULA HOUSING AUTHORITY,
AMELIA LIONS, JOHN ELLIS,
BRENDA COSTA, MARY MELTON,
and D. POLING,

   Defendants.

_____

## I.  INTRODUCTION AND _IN FORMA PAUPERIS_ APPLICATION

  Plaintiff Charles Fiechtner, Sr. has filed an amended application to proceed in forma pauperis as directed by the Court's Order entered January 31, 2011, filed in one of Fiechtner's other cases, _Fiechtner v. Peevey, et al._, CV 11-7-M-DWM-JCL.  The Court takes judicial notice of that application for purposes of considering Fiechtner's eligibility to proceed in forma pauperis in this action.

  Upon review of Fiechtner's amended application, the Court finds his declaration satisfies the financial eligibility standard applicable under 28 U.S.C. § 1915(a).  Therefore, **IT IS HEREBY ORDERED** that Fiechtner is granted leave

to proceed in forma pauperis, and this action may proceed without payment of the filing fee.

Fiechtner has also filed an Amended Complaint as required by the Court's February 7, 2011 Order entered in this case.  In view of Fiechtner's in forma pauperis status, the Court must conduct a preliminary screening of his allegations pursuant to 28 U.S.C. § 1915(e)(2).  The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).  Accordingly, the Court will review Fiechtner's Amended Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.  PLAINTIFF'S ALLEGATIONS

Fiechtner filed his original Complaint on February 1, 2011.  In his pleading Fiechtner presented claims seeking placement in housing through the assistance of the Missoula Housing Authority.

The Court conducted a preliminary review of Fiechtner's Complaint, and by Order entered February 7, 2011, the Court noted numerous defects in the allegations of that Complaint which rendered it subject to dismissal.  The Court, however, afforded Fiechtner an opportunity to cure the referenced deficiencies, and to file an Amended Complaint.

Fiechtner's Amended Complaint and attached documents again present allegations concerning his housing circumstances.  Fiechtner asserts he has been discriminated against with respect to his housing in some undescribed manner.  In an attachment to the Amended Complaint Fiechtner explains he has been improperly or unlawfully evicted from his housing in violation of Montana law. He states he has no money, is disabled from various injuries, and is homeless. Fiechtner elaborates on his various injuries, but he does not describe how he sustained the injuries, or who or what caused the injuries.  Fiechtner alleges generally that Defendants have violated his unspecified "constitutional & civil rights," but he does not set forth any specific facts describing any act or omission

of any of the Defendants named in the pleading.  For his relief Fiechtner seeks "justice" and compensatory damages.

## III.  DISCUSSION

Fiechtner is proceeding pro se in this case.[1]  Therefore, the Court must construe his pleading liberally, and the pleading is held to less stringent standards.[2]  A court should consider granting a pro se litigant an opportunity to amend a defective pleading unless the court determines that the pleading could not possibly be cured by the allegation of other facts.[3]

### A.  Jurisdiction

In its February 7, 2011 Order, the Court identified jurisdictional defects that existed in the allegations of Fiechtner's original Complaint.  The Court advised Fiechtner as to the nature of the factual allegations he must include in his pleading to establish that the Court has jurisdiction over this action.  Fiechtner, however,

---

[1]Patricia Reed again identifies herself as a co-plaintiff on Fiechtner's Amended Complaint.  She does not, however, advance any claims on her own behalf.  As stated in the Orders entered February 7 and February 11, 2011, Reed may not participate and appear in this action for the purpose of assisting and representing Fiechtner.  Therefore, the Court continues to deem this action as filed only by Fiechtner.

[2]*Haines v. Kerner*, 404 U.S. 519, 520 (1972).  *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989).

[3]*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

has again failed to plead any factual allegations sufficient to invoke the Court's

jurisdiction as required by Fed. R. Civ. P. 8(a)(1).[4]

A federal court does not automatically have jurisdiction over any and all

complaints filed with the court.  Rather, a federal court's jurisdictional authority is

limited, and the court may presume that a lawsuit lies outside its limited

jurisdiction.[5]  A plaintiff must show that jurisdiction is proper in this court.[6]

Based on the allegations set forth in the Amended Complaint, the only

potential grounds for jurisdiction over this action are either diversity of citizenship

jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28

U.S.C. § 1331.  Fiechtner's Amended Complaint, however, fails to set forth factual

allegations sufficient to show that this Court has jurisdiction over the subject

matter of his complaint.

### 1. __Diversity Jurisdiction is Absent__

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity

of citizenship between the plaintiff and each of the defendants.[7]  That means that

---

[4]Pro se litigants are "bound by the rules of procedure."  *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

[5]*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted).

[6]*Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990).

[7]*Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005)).

each plaintiff must be a citizen of a state that is different than the state of which each defendant is a citizen.[8]

Fiechtner's Amended Complaint continues to suffer from the same defects identified in the Court's February 7, 2011 Order.  Fiechtner's Amended Complaint states that he is a citizen of Montana, and also that the individually named Defendants are citizens of Montana.  Consequently, the Court does not have diversity jurisdiction under 28 U.S.C. § 1332.

## 2.  Federal Question Jurisdiction

Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Although Fiechtner makes a bare allegation that his cause of action stems from "constitutional & civil rights" violations, the supporting factual allegations in his Amended Complaint do not plead any cause of action arising under any specific provision of the United States Constitution, or the laws or treaties of the United States as required for jurisdiction under § 1331.  Instead, Fiechtner's allegations assert only that he has been evicted from his housing, and that he has somehow experienced undescribed and unspecified "discrimination."  Fiechtner has not pled any facts describing any conduct committed by any Defendant, and he has not identified any specific constitutional right that any Defendant may have violated.

---

[8]*Morris v. Princess Cruises, Inc.* 236 F.3d 1061, 1067 (9th Cir. 2001).

Thus, Fiechtner's allegations in his Amended Complaint again fail to state a claim for relief arising under any provision of federal law.

The Court notes that in its February 7, 2011 Order, it identified 42 U.S.C. § 1983 as a potential basis for a federal claim against the individual Defendants which, in turn, would be a sufficient basis for federal subject matter jurisdiction. The Court advised Fiechtner that a viable claim under § 1983 could exist if he set forth factual allegations establishing that any of the individual Defendants were state officials or employees who, while acting under color of state law, deprived him of a federal right.  As in his original Complaint, Fiechtner's Amended Complaint again fails to set forth any allegations that would state a claim for relief under § 1983 — he has not advanced any facts identifying any conduct committed by any Defendant acting under color of state law which deprived Fiechtner of any right under either the United States Constitution or federal law.

Based on the foregoing, the Court finds Fiechtner's Amended Complaint is subject to dismissal for failure to state a claim on which relief could be granted under § 1983, and for lack of jurisdiction.  Having previously afforded Fiechtner an opportunity to cure the defects in his original Complaint, and to file an Amended Complaint which sufficiently invokes the Court's jurisdiction, the Court finds that Fiechtner's Amended Complaint could not possibly be cured by the allegation of other facts.  Therefore, it should be dismissed.

The Court notes that the substance of Fiechtner's allegations, together with his references to Montana statutory law, may state claims under the laws of the State of Montana.  Therefore, it would appear that his claims might be properly brought in the state district court in Missoula, Montana.

## IV.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED** for failure to state a claim on which relief may be granted, and for lack of jurisdiction.

DATED this 25th day of February, 2011.

 /s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge