

**FILED**

MAR 21 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CHARLES ADAM FIECHTNER, SR. | CV 11-23-M-DWM-JCL |
| Plaintiff, | |
| vs. | ORDER |
| MISSOULA HOUSING AUTHORITY, AMELIA LIONS, JOHN ELLIS, BRENDA COSTA, MARY MELTON, and D. POLING, | |
| Defendants. | |

Plaintiff Charles Fiechtner, Sr. filed an amended complaint on February 17, 2011 alleging concerns over his housing situation. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this case on February 25, 2011. Judge Lynch found the amended complaint lacked adequate allegations to establish that this Court has jurisdiction over the matter and that the complaint fails to state a claim for relief under § 1983. Accordingly, he recommended the action be dismissed. Fiechtner timely filed nominal objections

-1-

to the Findings and Recommendation on March 8, 2011.

A party filing such objections is entitled to do novo review of the "specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A party objecting to the findings or recommendations of a magistrate judge must identify the parts of the magistrate's disposition that the party finds objectionable and present argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely repeat arguments already made before the magistrate or discuss issues collateral to the magistrate's findings. See Hagberg v. Astrue, 2009 WL 3386595 at *1 (D. Mont. 2009) ("There is no benefit if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate.").

In his objections, Fiechtner discusses his homelessness, and makes vague allegations of retaliation and of being "maliced." He also discusses being a descendent of Benjamin Franklin and suffering a head injury. None of this speaks to Judge Lynch's findings and recommendation that the case be dismissed for a failure to state a claim and lack of jurisdiction. Accordingly, the Court reviews Judge Lynch's factual findings for clear error, McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981), and his

conclusions of law de novo. Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989), overruled on other grounds by Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1174 (9th Cir. 1996). I find no clear error with Judge Lynch's factual findings, and upon de novo review of his ultimate legal conclusions, I agree that this action is subject to dismissal for failure to state a claim and for lack of jurisdiction.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #7) are adopted in full.

IT IS FURTHER ORDERED that this action is DISMISSED.

Dated this 21st day of March, 2011.

Donald W. Molloy, District Judge
United States District Court